IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | | |
|---|---|---|
| MARION D. HILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action Number: 2:10cv366 |
| | ) | |
| MARILYN K. BROWN, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MEMORANDUM
IN SUPPORTOF THEIR MOTION TO DISMISS**

Defendants Marilyn K. Brown and Mutual of Omaha Insurance Company (incorrectly named in the Complaint as "United of Omaha: Mutual of Omaha Insurance Company") ("Mutual of Omaha") (collectively "Defendants"), by counsel, hereby submits the following Memorandum of Law in Support of their Motion to Dismiss the Complaint filed by plaintiff Marion D. Hill ("Hill" or "Plaintiff"):

**PRELIMINARY STATEMENT**

Even though it is a *pro se* pleading and thus entitled to a liberal construction, Plaintiff's Complaint is wholly deficient in trying to set forth valid or plausible legal claims in this case. First, the Complaint is legally incapable of stating a claim for relief against Brown.  Brown is neither a party to the insurance policy involved in this case, nor is she mentioned in any of the Complaint's three short fact-based numbered paragraphs.  She should be dismissed completely. Second, the Complaint's skeletal allegations fail to set forth a valid claim for fraud against *any* defendant.  The claim (i) is not stated with the particularity required under Federal Rule 9(b); (ii) does set forth any facts which would support the necessary elements of a fraud claim; and (iii) arises, if at all, from contract-based duties (i.e., a "negligent" breach of a life insurance policy),

1

not independent common law tort duties.  Each of these reasons independently defeats Plaintiff's claim.  Third, the Complaint fails to set forth a valid claim for breach of contract.  While the Complaint says that Plaintiff was only paid a $10,000 death benefit under an insurance policy (and not $50,000, as she claims), the policy at issue, which is attached, plainly provides a death benefit of only $10,000, not $50,000.  Since Plaintiff admits that she has been paid the $10,000 benefit, her claim for any greater benefit fails as a matter of law; she has already been fully paid.  For all of these reasons, as explained herein, the Complaint fails to state any plausible claims for relief.  Defendants' motion should be granted and the Complaint should be dismissed.

### STATEMENT OF PLAINTIFF'S ALLEGATIONS

Plaintiff's action arises out of her mistaken belief that she is entitled to a $50,000 death benefit under an insurance policy issued by United of Omaha Life Insurance Company (which is a subsidiary of Mutual of Omaha).  According to the spartan three-paragraph Complaint: (i) "the company defrauded [her] by only paying $10,000 and refusing to pay the full [$50,000] benefit," Complaint, ¶ 1; and (ii) "the Defendants has . . . breached the policy . . .. for $50,000 death benefit and refused to pay the full benefit . . . causing a loss . . . in the amount of $40,000," Complaint, ¶ 3.  Plaintiff also claims that "Defendants . . . ignored the Plaintiff's attempt to try and settle the matter" and as such "demonstrat[ed] bad business practices and operat[ed] not in good faith."  *Id.*, ¶ 2.

What Plaintiff fails to mention, however, is that the life insurance policy under which she made her claim contains only a $10,000 death benefit.  A true and accurate duplicate copy of this policy is attached hereto as **Exhibit A**.  On its face, the policy plainly – and indisputably – shows that the value of the death benefit for which Plaintiff is the designated beneficiary is $10,000.  **Exhibit A**, p. WF-HillM-000019.  Plaintiff, of course, admits in her Complaint that she has been paid $10,000 under the policy.

STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the Complaint." *Stone Castle Financial, Inc. v. Friedman, Billings, Ramsey & Co., Inc.*, 191 F. Supp.2d 652, 655 (E.D. Va. 2002).  In considering such motion, "a court must construe the complaint in the light most favorable to the plaintiff[], read the complaint as a whole, and take the facts asserted therein as true." *Arnlund v. Deloitte & Touche LLP*, 199 F. Supp.2d 461, 468 (E.D. Va. 2002).  Even so, "a complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'"  *Field v. GMAC LLC*, 660 F. Supp.2d 679, 683 (E.D.Va. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The touchstone of a court's Rule 12(b)(6) inquiry is to determine whether the claims raised by a plaintiff are plausible.  The U.S. Supreme Court recently explained this plausibility standard as follows:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." . . a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief'" . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -but it has not "shown" - "that the pleader is entitled to relief."

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009) (internal citations omitted).  "A plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than mere labels and conclusions and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

3

Guided by this standard, a federal court should not hesitate to dismiss legally deficient

claims.  As the Western District of North Carolina aptly explained:

> . . .  dismissals [under Rule 12(b)(6)] should be granted when
> warranted.  As recognized by the Supreme Court in *Neitzke v.
> Williams,* 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989),
> the Rule 12(b)(6) procedure for early dismissal "*streamlines
> litigation by dispensing with needless discovery and fact finding.*"
> *Id.,* 490 U.S. at 326-27, 109 S. Ct. at 1832. Accordingly, "nothing
> in Rule 12(b)(6) confines its sweep to claims of law which are
> obviously insupportable." *Id.,* 490 U.S. at 327, 109 S. Ct. at 1832.

*Hoyle v. Liberty Life Assurance Company of Boston Incorporated, BTR*, 291 F. Supp.2d 414, 416

(W.D.N.C. 2003) (emphasis added).  Here, Plaintiff's claims are "obviously unsupportable," and

thus this Court should streamline this case so to eliminate these claims.

ARGUMENTS

**DEFENDANTS' MOTION TO DISMISS SHOULD BE GRANTED IN FULL
AND PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED IN ITS ENTIRETY**

**I.**     **PLAINTIFF'S *PRO SE* STATUS DOES NOT INSULATE HER COMPLAINT FROM DISMISSAL**

In attacking the validity of Plaintiff's claims in this case, Defendants recognize, as they

must, that Plaintiff, who is *pro se*, is entitled to have her complaint given a liberal construction.

As the Fourth Circuit has explained:

> . . . [*pro se*] litigants cannot, of course, be expected to frame legal
> issues with the clarity and precision ideally evident in the work of
> those trained in the law.

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1276 (4th Cir. 1985).  This reflects the "indisputable

desire [of the Court of Appeals] that [*pro se*] litigants with meritorious claims should not be

tripped up in court on technical niceties."  *Id.* at 1277-78.

Even so, the "[p]rinciples requiring generous construction of *pro se* complaints are not . .

. without limits."  *Id.* at 1278.  "District courts are not mind readers," and they are not required

to "conjure up questions never squarely presented to them."  *Id.*  As well, "[t]he requirement of

4

liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court." *Larrimore v. Bank of N.Y. Mellon*, 2009 U.S. Dist. LEXIS 115759 at *4 (D.S.C. Oct. 26, 2009). *See also Hilgeford v. Nat'l Union Fire Ins. Co.*, 2009 U.S. Dist. LEXIS 9766 at *7 (E.D.Va. Feb. 6, 2009) (" . . .pro se pleadings are not exempted from the Federal Rules and the case law interpreting them."). As fully explained below, even the liberal construction of her Complaint cannot shield Plaintiff's claims, which fail as a matter of law on several levels, from dismissal.

## II.   DEFENDANT BROWN SHOULD BE DISMISSED WITH PREJUDICE

The first substantive deficiency in the Complaint is its naming of Brown as an individual defendant. There is no reason whatsoever for Brown to be in this case. Although the Complaint uses the words "defrauded" and "breached" (in reference to a policy), it makes no connection to these alleged wrongdoings and any conduct allegedly committed by Brown. Indeed, not only is Brown *not* a party to the policy at issue (which is plain from the face of the policy itself), she is not even mentioned in any of the Complaint's three numbered paragraphs. *See Ragone v. Waldvogel*, 54 Va. Cir. 581, 583 (City of Roanoke Cir. Ct. 2001) ("Only a person who is a party to a contract may sue and be sued for an alleged breach of that contract.").[1] To the contrary, the only places in the Complaint where Brown is referenced are the very beginning and the very end of the document – i.e., in the Complaint's prefatory remarks and then again in its "Wherefore." Even for a *pro se* pleading, these skeletal allegations are woefully insufficient to establish any claim that Brown is *personally liable* to Hill for $250,000.

---

[1] Because this Court has jurisdiction by virtue of the diversity of the citizenship of the parties pursuant to 28 U.S.C. § 1332, it looks to Virginia common law (the state law of the forum in which this Court sits) to assess the validity of Plaintiff's claims raised herein. *Cole v. Food Lion, L.L.C.*, 370 F. Supp.2d 434, 436 (E.D. Va. 2005) ("Virginia substantive law applies to this case because a federal court exercising diversity jurisdiction must apply the law of the state in which it sits.") (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78-79 (1938)).

The Complaint also fails to state any claims upon which relief can be granted against Brown to the extent it seeks to somehow name her as a party defendant by virtue of her status as an alleged agent or employee of Mutual of Omaha.  As this Court has recognized:

> Typically, "[u]nless otherwise agreed, a person making or purporting to make a contract with another as agent for a disclosed principal does not become a party to the contract."

*Berman v. Grossman*, 2009 U.S. Dist. LEXIS 110252 at *17 (E.D.Va. Nov. 24, 2009) (quoting RESTATEMENT (SECOND) OF AGENCY, § 320 (2009)).  *See also DiGennaro v. Duvall*, 33 Va. Cir. 248 249 (Fairfax County Cir. Ct. 1994) ("It is clear under general principles of agency law that an agent who contracts on behalf of a disclosed principal, in the absence of an express agreement to the contrary, is not personally bound on the contract. See 1A Michie's Jurisprudence, Agency, § 71 (1993), and the cases cited therein.").  A similar rule applies to tort claims allegedly committed by an agent of a principal.  *See Ashco Int'l v. Westmore Shopping Ctr. Assocs.*, 42 Va. Cir. 427, 433 (Fairfax County Cir. Ct. 1997) ("A principal and an agent are not separate persons for purposes of a conspiracy or tortious interference action and, likewise, cannot conspire with each other or interfere with their own contractual relationship.") (citing *Charles E. Brauer Co. v. NationsBank of Va.*, 466 S.E.2d 382 (Va. 1996)).

Here, of course, Brown is nowhere named in the Complaint as an agent or employee of Mutual of Omaha.  Yet, even if such an inference could arise from a liberal construction of Plaintiff's allegations, Plaintiff has not alleged any conduct by Brown that would suggest that she *personally* or *individually* agreed to be bound by the terms of the policy at issue in this case or engaged in any *individually* tortious conduct against Plaintiff.  It is simply impossible to "conjure up," *see Beaudett*, 775 F.2d at 1278, any claims against Brown based on the allegations in the Complaint.  Brown should be dismissed.

### III.   PLAINTIFF'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR FRAUD

The second key substantive deficiency in Plaintiff's Complaint is its attempt at making a claim of fraud.  Plaintiff wholly fails in this regard, as her claim: (i) fails to meet the strict particularity requirements of Federal Rule 9(b); (ii) fails to allege facts sufficient to support the necessary elements of a claim for fraud; and (iii) arises, if at all, from contract-based duties, not independent common law tort duties.  For each of these reasons, Plaintiff's fraud claim must be dismissed.

   A.   **The Complaint Does Not Satisfy The Particularity Requirement Of Federal Rule 9(b) And Therefore Fails To State A Claim Upon Which Relief Can Be Granted**

Fraud claims are subject to the strict pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure.  Rule 9(b) requires that "in all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated *with particularity***.**"  FED. R. CIV. P. 9(b) (emphasis added).[2]  Under this standard, "particularity of pleading is required with regard to the time, place, speaker, and contents, as well as the manner in which statements are false and the specific acts raising an inference of fraud - the 'who, what, where, why and when.'" *In Re: First Union Corp, Securities Litigation*, 128 F. Supp.2d 871, 884 (W.D.N.C. 2001) (citing *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776 (4th Cir. 1999)).  Moreover "[a]ffirmative misrepresentations involve 'a *specific* statement made at a *specific* place and time and involve *specific* persons.'"  *Stone Castle Financial, Inc. v. Friedman, Billings, Ramsey & Co., Inc.*, 191 F. Supp.2d 652, 662 (E.D. Va. 2002) (quoting *Breeden v. Richmond*, 171 F.R.D. 189, 195 (M.D.N.C. 1995)) (emphasis added).

---

[2] Virginia also imposes its own "specificity" requirement on allegations of fraud. *Mortarino v. Consultant Eng'g Servs., Inc.*, 467 S.E.2d 778 (Va. 1996) ("'[w]here fraud is relied on, the [pleading] must show specifically in what the fraud consists, so that the defendant may have the opportunity of shaping his defence [sic] accordingly, and since [fraud] must be clearly proved it must be distinctly stated.'") (citations omitted).

While Rule 9(b) does not require a dissertation, the "mere incantation of the word 'fraud' is clearly insufficient." *Morris v. Wachovia Securities, Inc.*, 277 F. Supp.2d 622, 645 (E.D.Va. 2003).   This is because "[t]he purposes of this Rule are to put a defendant on notice of the conduct complained of, to protect the defendant from frivolous suits, to eliminate fraud actions where all facts are learned after discovery, and to protect a defendant from harm to her goodwill and reputation." *Arnuld v. Smith*, 210 F. Supp.2d 755, 760 (E.D. Va. 2002).   Stated otherwise, a "shoot first, ask questions later" approach to fraud claims involving multiple defendants is not permitted under Rule 9(b).

In this case, Plaintiff's claim utterly fails to meet the strict requirements of Rule 9(b). Even liberally construed, the Complaint fails to identify the "time, place, speaker, and contents" of any fraudulent statements tied to Defendants and is wholly lacking as to the "who, what, where, why and when" of the alleged fraud.   At best, Plaintiff has merely invoked the word "defrauded" and asked this Court to assume that such invocation is sufficient to state a claim against the defendant.   As we know, however, it is <u>*not*</u>, even for a *pro se* plaintiff.   *See, Morris*, 277 F. Supp.2d at 645 (explaining that the "mere incantation of the word 'fraud' is clearly insufficient" to satisfy the requirements of Rule 9(b)).   *Cf. Field*, 660 F. Supp.2d at 688 (dismissing *pro se* RICO claim predicated on alleged acts of fraud for failure to meet Rule 9(b)'s particularity requirement).

### B. The Complaint Does Not Set Forth Facts Sufficient To Meet The Elements Of A Claim For Fraud Under Virginia Law

The elements of fraud claims are well settled under Virginia law.   For actual fraud, a plaintiff bears the burden of proving by clear and convincing evidence: (1) a false representation; (2) of a material fact; (3) made intentionally and knowingly; (4) with intent to mislead; (5) reliance by the party misled, and (6) resulting damage to the party mislead.   *Bryan v.*

*Pechinpaugh*, 400 S.E.2d 201, 203 (Va. 1991).  Here, the Complaint, even liberally construed, fails to set forth facts on virtually every one of these elements.  The most notable failings are: (i) any allegations showing false representations (in fact, the face of the attached shows just the opposite); (ii) any facts to show an *intentional* misrepresentation, (iii) any facts to show an intent to mislead; (iv) any reliance on any intentional misrepresentations.  If anything, Plaintiff appears to be claiming that she was owed a death benefit amount that is different from that on the policy.  In the absence of any facts showing why the policy at issue does not govern this issue, that is simply a breach of contract claim, which, as shown below, fails as a matter of law in any event.

### C.   Plaintiff's Claim For Fraud Arises, If At All, From Contract-Based Duties And Is Therefore Barred Under Virginia Law

The general principles that govern Plaintiff's tort-based fraud/constructive claims are well-settled in Virginia.  Over the last three decades and beyond, *see, e.g., Oleyar v. Kerr*, 225 S.E.2d 398 (Va. 1976), the Supreme Court of Virginia has made it clear that strict parameters exist when putative tort claims are raised simultaneously with breach of contract claims.  One of the seminal cases on this dichotomy is *Richmond Metropolitan Auth. v. McDevitt Street Bovis, Inc.*, 507 S.E.2d 344, 347 (Va. 1998).  There, the Supreme Court confronted a situation where a plaintiff brought both fraud and constructive fraud claims arising out of a construction contract.  The Supreme Court rejected such claims, holding that they were barred because they were nothing more than breach of contract claims dressed up in tort-based clothes.  As the Court explained: "no duty apart from contract to do what is complained of exist[ed]" in that case.  *Id.* (quoting *Oleyar*, 225 S.E.2d at 399).

In so doing, the Supreme Court emphasized that whether a cause of action sounds in contract or tort in contract depends on the source of the duty allegedly violated.  *McDevitt Street*, 507 S.E.2d at 347.  The Court stated:

> If the cause of complaint be for an act of omission or non-feasance which, *without proof of a contract to do what was left undone*, would not give rise to any cause of action (because no duty apart from contract to do what is complained of exists) then the action is founded upon contract, and not upon tort.  If, on the other hand, the relation of the plaintiff and the defendants be such that a duty arises from that relationship, *irrespective of the contract*, to take due care, and the defendants are negligent, then the action is one in tort.

*Id.* at 347 (emphasis added).  Stated otherwise, said the Court, for a party to state a tort claim within the context of a contractual relationship, "the duty tortiously or negligently breached must be a common law duty, not one existing between the parties solely by virtue of the contract."  *Id.* (quoting *Foreign Mission Bd. v. Wade*, 409 S.E.2d 144, 148 (Va. 1991)).  Such a rule, the Court said, "safeguards against turning every breach of contract into an actionable claim for fraud."  *Id.* at 348.

Here, the most that can be said by Plaintiff is that she believes Mutual of Omaha breached the terms of an insurance policy by failing to pay her a $50,000 death benefit instead of a $10,000 one.  The duties allegedly breached rest solely within the policy itself, and, indeed, Plaintiff has identified no acts of Mutual of Omaha or anyone else which would implicate any extra-contractual duties.  As such, Plaintiff's claim fails as a matter of law for this reason as well and should be dismissed.  *See, e.g., City of Richmond v. Madison Management Group*, 918 F.2d 438, 446 (4th Cir. 1990) (upholding the dismissal of plaintiff's fraud claim because it was simply an "attempt to dress up a contract claim in a fraud suit of clothes"); *VA Timberline, LLC v. Land Management Group, Inc.*, 471 F. Supp.2d 630, 2006 U.S. Dist. LEXIS 90642 at *7-8 (E.D. Va. Dec. 15, 2006) (following *McDevitt* to dismiss negligence claim based solely on contractual duties and explaining that "Multiple courts applying Virginia law have dismissed tort claims when the underlying cause of action is truly for breach of contract.") (listing cases).

## IV.   PLAINTIFF'S COMPLAINT FAILS TO STATE A PLAUSIBLE CLAIM FOR BREACH OF CONTRACT (BAD FAITH OR OTHERWISE)

The Complaint's third and final deficiency is that it fails to state a plausible claim for relief for breach of contract.  Not too much need be said here, other than to review the terms of the policy under which Plaintiff made her death benefit claim and recognize that the policy, on its face, contains only a $10,000 death benefit, not a $50,000 death benefit.  **Exhibit A**, p. WF-HillM-000019.  While Plaintiff did not include the policy with her Complaint, it is appropriately considered here on a Rule 12(b)(6) motion[3] and it squarely refutes any claim by Plaintiff that she was ever entitled to a $50,000 death benefit.  As Plaintiff has clearly admitted in her Complaint, she has already been paid a $10,000 death benefit.  Any claim for relief above $10,000 based on this policy is therefore invalid as a matter of law.

In addition, to the extent Plaintiff is seeking to invoke the terms of any other policies issued by United of Omaha Life Insurance Company related to her, those claims are not adequately stated in the Complaint and cannot be considered as alternative breach of contract claims by this Court.[4]   *Beaudett*, *supra*, at 1278 (courts are not "require[ed] . . . to explore exhaustively all potential claims of a *pro se* plaintiff" because to do so, "would . . . strain judicial resources" and "would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies

---

[3] "In the Eastern District of Virginia, 'when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment.'" *Davis v. George Mason Univ.*, 395 F. Supp.2d 331, 335 (E.D.Va. 2005) (quoting *Gasner v. County of Dinwiddie*, 162 F. Supp.2d 280, 282 (E.D.Va. 1995)).

[4] Plaintiff may well claim in response to this Motion that an earlier life insurance policy issued by United of Omaha Life Insurance Company named her as the designated beneficiary for a $50,000 death benefit.  This is correct insofar is it goes, but it doesn't go very far.  The earlier policy lapsed for non-payment of premiums and has not been in force since 2003.  Regardless, such a claim is not properly inferred from the allegations of the Complaint and would need to be separately stated in order to be before this Court.

for a party").   The same is true for Plaintiff's claim of "bad faith" breach of contract.   While Plaintiff nakedly says that Defendants' conduct was "not in good faith," that is wholly insufficient, especially under the plausibility standard set forth in *Twombly* and *Iqbal*, to state a valid claim for bad faith breach of an insurance policy under Virginia law.

## CONCLUSION

For all of the reasons stated herein, Defendants respectfully request that their Motion to Dismiss be granted and that the Complaint be dismissed.

MARILYN K. BROWN

and

MUTUAL OF OMAHA INSURANCE COMPANY
(incorrectly identified in the Complaint as "United of
Omaha: Mutual of Omaha Insurance Company")

By:    s/ Richard F. Hawkins, III
         Virginia Bar Number: 40666
         THE HAWKINS LAW FIRM, PC
         2222 Monument Avenue
         Richmond, Virginia 23220
         (804) 308-3040 (telephone)
         (804) 308-3132 (facsimile)
         Email: rhawkins@thehawkinslawfirm.net

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 9th day of August, 2010, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF systems which will send notification of such

filing to the Clerk; I also certify that I sent by first class mail a copy of the foregoing to:

Marion D. Hill
702 Windy Road
Chesapeake, VA 23325

<u>s/ Richard F. Hawkins, III</u>
Virginia Bar Number: 40666
THE HAWKINS LAW FIRM, PC
2222 Monument Avenue
Richmond, Virginia 23220
(804) 308-3040 (telephone)
(804) 308-3132 (facsimile)
Email: rhawkins@thehawkinslawfirm.net

Counsel for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this __th day of April, 2004, a true and correct copy of the

Memorandum In Support of Motion To Dismiss was sent via first-class, postage prepaid mail

addressed as follows:

Thomas R. Breeden, Esquire
Thomas R. Breeden, P.C.
7900 Sudley Road, Suite 301
Manassas, Virginia 20109
      Counsel for Plaintiff

Andrew Biondi, Esquire
Sands Anderson Marks & Miller
P.O. Box 1998
Richmond, VA 23218
      Counsel for Chesapeake Title & Escrow Services, Inc.

Brian Perryman
Winder Brodsky Sidman Kider PC
1300 Nineteenth Street NW, 5th FL
Washington, DC 20036-1609
      Counsel for Novastar Home Mortgage, Inc.

Daniel J. Tobin
Kirkpatrick & Lockhart, LLP
1800 Massachusetts Ave., NW
Second Floor
Washington, DC 20036
      Counsel for Delta Funding Corporation

_____